L. SAMUEL MANSON, Respondent, v. JOSEPH M. WRIGHT, as Administrator of ELIZABETH V. A. CLARK, Deceased, Appellant.

First Department, May 4, 1923.

Witnesses — action by physician to recover for services rendered defendant's intestate in proceedings to determine her sanity — physician incompetent, under Civil Practice Act, § 347, to testify concerning contract of employment — testimony by attorney for intestate in lunacy proceedings that physician testified " in behalf of " intestate in said proceedings is incompetent.

In an action by a physician to recover for services alleged to have been rendered for defendant's intestate in connection with proceedings to determine her sanity, in which proceedings it is alleged that the physician appeared as a medical expert witness in behalf of the intestate, the plaintiff is incompetent, under section 347 of the Civil Practice Act, to testify that the intestate came to his office on several occasions prior to his testifying in the lunacy proceedings.

The testimony by the attorney for the intestate in the lunacy proceedings that the plaintiff herein gave evidence in said proceedings " in behalf of " the intestate is incompetent.

APPEAL by the defendant, Joseph M. Wright, as administrator, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Ernest P. Hoes,* for the appellant.

*Levy & Becker [Joseph Levy* of counsel; *Alexander Rosenbaum* with him on the brief], for the respondent.

MERRELL, J.:

The action is brought by the plaintiff, a physician and surgeon, to recover for professional services alleged to have been rendered by plaintiff for defendant's intestate in connection with proceedings to determine the sanity of said intestate. The plaintiff sought to recover for services rendered the defendant's intestate as a medical expert witness in said proceedings. Plaintiff's claim for such services was the sum of $4,000. The jury rendered a verdict in plaintiff's favor for $1,800.

We do not think that sufficient competent evidence was given upon the trial to justify the rendition of such verdict. Over defendant's objection and exception the court permitted the plaintiff to testify to personal transactions with the deceased. Upon such testimony and that of the attorney who appeared for defendant's intestate in the lunacy proceedings, the verdict was rendered. Over defendant's objection and exception the learned court at Trial Term permitted the plaintiff to testify that the defendant's intestate came to his office on several occasions and that on the first visit she was accompanied by her husband and by a lady companion; that plaintiff had conversations or talks with her and that prior to giving his testimony in the lunacy proceedings the plaintiff had conferred with the attorney for defendant's intestate with reference to plaintiff's appearing and testifying as a witness. The testimony in this respect unquestionably involved personal transactions with the deceased concerning which the plaintiff was forbidden to testify. (Civ. Prac. Act, § 347; *Richardson* v. *Emmett,* 170 N. Y. 412; *Boyd* v. *Boyd,* 164 id. 234; *Clift* v. *Moses,* 112 id. 426; *Griswold* v. *Hart,* 205 id. 384.) The trial court also erroneously permitted the attorney who appeared for the deceased in the lunacy proceedings to testify that the plaintiff gave evidence in said proceedings in behalf of deceased. Aside from the incompetent testimony thus permitted by the trial court upon the trial, there was no proof of the employment of the plaintiff by the deceased or of the rendition of services for which this action was brought.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.